IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>CLANTON L. PITCHFORD and<br>BEVERLY A. PITCHFORD,<br><br>Debtors | Case No. 13 C 8720<br><br>Judge John Z. Lee<br><br>Appeal From:<br>Bankruptcy Case No. 07-923 |

## MEMORANDUM OPINION AND ORDER

Frances Gecker, acting as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Clanton L. Pitchford and Beverly A. Pitchford (collectively, "Debtors") moves to dismiss Knight Transportation, Inc.'s ("Knight") appeal of four orders entered by the Bankruptcy Court. In particular, Knight appeals: (1) the Order Granting First and Final Application of Parente & Norem, P.C. for Allowance of Compensation and Reimbursement of Expenses (Bankruptcy Dkt. 100); (2) the Order Denying Knight Transportation, Inc.'s Motion to Apply Judicial Estoppel (Bankruptcy Dkt. 108); (3) the Order Approving Trustee's Motion to Approve Compromise of Claim of Client Funding Solutions (Claim No. 3) (Bankruptcy Dkt. 109); and (4) the Order Denying Knight Transportation, Inc.'s Objection to the Claim of Clients Funds (sic) Solutions (Claim No. 3) (Bankruptcy Dkt. 110).

The Trustee filed a motion to dismiss Knight's appeal arguing that Knight lacked standing to pursue it. Additionally, as for the Bankruptcy Court's November 8, 2013 Order denying Knight's motion to apply judicial estoppel, the Trustee contends that the Order is not a final appealable order and that the Court should not exercise its discretion to review the order on interlocutory appeal. For its part, Knight argues that it has standing and a pecuniary interest in

1

the outcome of this appeal, and that the November 8, 2013, Order was final, or in the alternative, was proper for interlocutory appeal. For the reasons stated herein, the Court finds that Knight lacks standing to bring this appeal, and the appeal is dismissed.

**Background**

The parties do not dispute the facts leading up to Knight's appeal. Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 19, 2007. The Trustee filed a "No Asset Report" on December 21, 2007. The Chapter 7 bankruptcy proceeding was closed on April 30, 2007.

Prior to the bankruptcy proceeding, on September 13, 2006, in Tucson, Arizona, Clanton Pitchford had been severely injured by a truck driver for Knight. On January 23, 2007, the Pitchfords retained Christopher Norem ("Norem") of the law firm Parente & Norem to represent them in bringing personal injury claims against Knight. On August 6, 2008, Norem filed in the Circuit Court of Cook County a lawsuit on behalf of the Debtors, *Clanton Pitchford, et. al. v. Transportation, Inc., et. al.*, Case No. 08-L-8670.

On September 30, 2010, Norem notified the Trustee of the pending personal injury lawsuit. Then, on October 12, 2010, the Bankruptcy Court entered an order granting the Trustee's motion to reopen the bankruptcy case, vacate a "No Asset Report," and reinstate the Trustee. On November 2, 2010, the Bankruptcy Court authorized the Trustee to retain Norem as the Trustee's special counsel to prosecute and resolve the claims set forth in the personal injury lawsuit.

On February 20, 2013, a jury entered a judgment against Knight. Knight was held liable to Debtor's bankruptcy estate for $2,386,000.00. At present, the bankruptcy estate has recovered proceeds and interest totaling $2,517,197.59. On April 5, 2013, Knight itself became a creditor

in the bankruptcy case by purchasing a medical lien claim filed against Debtors by ACS Recovery Services, Inc. *See* Transfer of Claim, Bankruptcy Dkt. 58 (noting transfer of Claim 16 from ACS Recovery Services, Inc. to Knight Transportation).

On October 15, 2013, the Trustee filed a Motion to Allow and Pay Medical Lien Claims (Claims Nos. 16 and 17). *See* Bankruptcy Dkt. 71. The Trustee sought leave to pay the medical lien claim held by Knight as well as another medical lien claim. Knight objected to the Trustee's motion, arguing that it would agree to payment of the medical lien claim only if it retained standing to object to the disbursement to the Debtors of the judgment proceeds from the personal injury lawsuit. Appellant's Mot. Leave Appeal ¶ 12. The Bankruptcy Court granted the Trustee's motion, did not incorporate Knight's objections, and authorized the Trustee to pay Knight in full satisfaction of any claims Knight may have had on the bankruptcy estate or the personal injury judgment. *See* November 8, 2013 Ord., Bankruptcy Dkt. 111 ("Medical Lien Order"). On November 14, 2013, Trustee paid Knight's medical lien claim in full. *See* Appellant's Mot. Leave Appeal ¶ 5. Knight did not appeal the Medical Lien Order. Subsequently, the Order became final.

While the Trustee's motion to pay the medical lien was pending, Knight also filed a motion to bar Debtors from any recovery from the personal injury case. *See* Bankruptcy Dkt. 72. Knight sought to bar Debtors from recovery in the bankruptcy case based on the doctrine of judicial estoppel.[1] The same day it entered its order allowing the Trustee to pay out the medical

---

[1] Specifically, Knight argued that judicial estoppel should apply to bar Debtors from recovery because Debtors did not disclose their personal injury claim throughout their bankruptcy case. *See* Appellant's Resp. 2. Knight initially advanced this argument in a motion *in limine* in the trial court in the Circuit Court of Cook County trying the personal injury case; that court granted Knights motion, but later reversed its decision, granting a post-trial motion by the Trustee citing new authority. *See* Record On Appeal ("ROA") 183–184. Knight renewed its judicial estoppel argument in the bankruptcy proceeding. The Bankruptcy Court denied Knight's motion, citing the trial court's reversal, procedural considerations

3

lien payments, the Bankruptcy Court denied Knight's motion. *See* November 8, 2013, Order, Bankruptcy Dkt. 108 ("Judicial Estoppel Order"). On November 21, 2013, Knight appealed the four orders noted above.

## **Discussion**

As a threshold matter the Trustee argues that Knight, lacking a cognizable interest in the outcome of its appeal, lacks standing to pursue the appeal. In particular, the Trustee contends that because Knight's medical lien claim has been paid in full, it lacks the pecuniary interest necessary for standing to appeal an order of the Bankruptcy Court. The Trustee also argues that Knight's attempt to appeal the Judicial Estoppel Order is improper because that Order is not a final, appealable order and does not meet the standard for interlocutory review. For its part, Knight argues it has standing to pursue its appeal, pointing to a surplus of funds that would revert to the bankruptcy estate and could go to Knight if this Court finds in its favor. Knight also argues that because the Judicial Estoppel Order forecloses further consideration of judicial estoppel, it is a final, appealable order. In the alternative, Knight argues that the Judicial Estoppel Order meets the standards for interlocutory appeal because it will materially advance the ultimate resolution of the bankruptcy.

Because standing is a "threshold jurisdictional question," see *Hinrichs v. Speaker of House of Representatives of Indiana General Assembly*, 506 F.3d 584, 590 (7th Cir. 2007), the Court first analyzes Knight's standing to bring its appeal. Finding Knight lacks standing under the narrow standard for pursuing bankruptcy appeals, the Court must dismiss this appeal. The Court does not reach the parties' arguments concerning finality and interlocutory appeal.

---

unique to bankruptcy, and the sincerity and credibility of Clanton Pitchford, who had since appeared before the Bankruptcy Court. *See* ROA 184–85.

## I. Standing to Pursue Appeal[2]

The Seventh Circuit has held that standing to pursue a bankruptcy appeal requires that the appellant have a pecuniary interest in the outcome of its appeal. "Bankruptcy standing is narrower than constitutional standing and requires that a person have a pecuniary interest in the outcome of the bankruptcy proceedings." *In re Knight-Celotex, LLC*, 695 F.3d 714, 720 (7th Cir. 2012) (quotation omitted). Specifically, an appellant "has standing to object to an order if that person can demonstrate that the order diminishes the person's property, increases the person's burdens, or impairs the person's rights." *In re Ray*, 597 F.3d 871, 874 (7th Cir. 2010) (quotations omitted). "The purpose of this standard is to insure that bankruptcy proceedings are not unreasonably delayed by protracted litigation by allowing only those persons whose interests are directly affected by a bankruptcy order to appeal." *Id.* (quotations omitted). "Courts consistently have noted a public policy interest in reducing the number of ancillary suits that can be brought in the bankruptcy context so as to advance the swift and efficient administration of the bankrupt's estate . . . . This goal is achieved primarily by narrowly defining who has standing in a bankruptcy proceeding." *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 609 (7th Cir. 1998) (quoting *Richman v. First Woman's Bank (In re Richman)*, 104 F.3d 654, 656–57 (4th Cir. 1997)).

---

[2] The Trustee also briefly argues that Knight Transportation's appeal is moot because Knight Transportation lacks a personal stake in the outcome of its appeal. *See* Trustee Mem. Supp. Mot. 5. Knight Transportation does not respond to this argument. A case "is moot when it no longer presents a live case or controversy." *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 528 (7th Cir. 2001). "A suit becomes moot, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (internal quotations omitted). The Court rests its decision on justiciability on Knight Transportation's lack of any "pecuniary interest" to appeal the bankruptcy orders. But the Court notes that because Knight Transportation lacks a pecuniary interest, it is likely it also lacks a legally cognizable interest in the outcome of its appeals.

The Court finds that Knight lacks standing to pursue its bankruptcy appeal. The Bankruptcy Court's Medical Lien Order authorized the Trustee to pay fully Knight's sole claim on the bankruptcy estate. The language of that order reads:

> The Trustee is authorized to pay the Knight Claim as soon as practicably possible *in full and final satisfaction of any and all claims ACS or Knight may assert* against the Debtors' estate or the proceeds of the litigation against Knight.

*See* Trustee's Obj. Appeal, Ex. B, November 8, 2013 Mem. Dec. Ord. ¶2 (emphasis added). Knight did not appeal the Medical Lien Order. The Trustee paid out Knight's claim prior to the instant appeal. With no claims remaining, Knight has no direct pecuniary interest in the bankruptcy estate.

Instead, Knight attempts to establish its pecuniary interest in the outcome of its appeal with a strained logical syllogism. Knight argues that (1) *if* this Court were to overturn the orders of the Bankruptcy Court approving payments to Client Funding Solutions[3] there would be approximately $348,000.00 in disallowed payments, and that further (2) *if* this Court were to overturn the Judicial Estoppel Order, the Debtors will be barred from recovery of the surplus funds, and *then* "those funds will have to be paid somewhere" and "it is possible" these funds could be paid to Knight. *See* Appellant's Resp. 3. But as the Trustee convincingly points out, bankruptcy law and the doctrine of *cy pres* preclude distribution of excess funds to Knight even assuming the two predicates above come true.[4] Indirect pecuniary interest, if it exists at all, is too narrow and too speculative to support Knight's standing to appeal here.

---

[3] Knight's figure on surplus funds relies on the Court overturning the order approving the settlement of the CFS claim, see Bankruptcy Dkt. 109, and the order denying Knight's objection to this claim, see Bankruptcy Dkt. 110. The payment to CFS of approximately $114,6653.60 in satisfaction of an unsecured claim, and an additional $233,904.17 in satisfaction of a subordinated claim, would result in the approximately $348,000.00. *See* Appellant's Resp. 3. Knight also objects to the reimbursement of expenses to Norem, see Bankruptcy Dkt. 100, but does not include these amounts in its calculations.

Knight cites to *In re Holly Marine Towing, Inc.*, 669 F.3d 796, 800 (7th Cir. 2012), for the proposition that a pecuniary interest can exist to bring a bankruptcy appeal even if the claims underlying that pecuniary interest are ultimately denied. Knight misapplies *Holly Marine Towing*. *Holly Marine Towing* is readily distinguishable because there the court found a pecuniary interest where an appellant contributed services to the bankruptcy estate, had a recognized fee application from the estate, and therefore had "a clear pecuniary interest in the management of the estate's assets." 669 F.3d at 800. Knight, by contrast, provided no services to the estate, has no fee application or other recognized claims pending with the bankruptcy estate, and thus has no pecuniary interest.

The "pecuniary interest" standard for bankruptcy standing "promotes judicial efficiency by ensuring that only those parties who are 'directly and adversely affected' by a bankruptcy order are able to challenge it." *In re Holly Marine Towing, Inc.*, 669 F.3d at 800 (quoting *In re Fondiller,* 707 F.2d 441, 442 (9th Cir.1983)). Knight has no standing to appeal the bankruptcy orders because those orders do not diminish its property, increase its burden, or impair any of its rights. Its rights, burdens, and claims or property in the bankruptcy estate were finally and fully settled by the terms of the Medical Lien Order.

The parties also dispute the appealability and finality of the Bankruptcy Court's Judicial Estoppel Order. Because Knight lacks standing to pursue its appeals, the Court does not reach

---

4    In particular, the Trustee notes that under bankruptcy law governing Chapter 7 proceedings, surplus funds in the estate go to the debtor after payout of remaining claims. *See* 11 U.S.C. § 726(a)(6); *see also In re Rimsat, Ltd.*, 229 B.R. 910, 912 (Bankr. N.D. Ind. 1998) ("After payment of the different kinds of claims listed in the first five paragraphs of § 726(a), anything that remains goes to the debtor.") (quotations omitted). Secondly, even if the doctrine of judicial estoppel did apply, the doctrine of *cy pres* would direct any surplus funds in the estate to charitable organizations, and not to the tortfeasor responsible for injuries giving rise to the judgment. *See, e.g. In re Xpedior Inc.*, 354 B.R. 210, 238 (Bankr. N.D. Ill. 2006) (where bankruptcy law and trust plan did not evince a recipient for surplus funds those funds were to be directed to charitable organizations). Knight offers no theory suggesting differently; the Court can find none.

the parties' arguments concerning the finality of the Judicial Estoppel Order or the propriety of interlocutory appeal.

## Conclusion

For the reasons set forth herein the Court grants the Trustee's motion to dismiss this appeal [3]. Because Appellant lacks standing, its appeal is dismissed.

**SO ORDERED**                              **ENTER: 9/30/14**

*[signature]*

**JOHN Z. LEE**
**United States District Judge**